USCA1 Opinion

 

 June 25, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 96-1055 BOSTEC SYSTEMS, INC., Plaintiff, Appellant, v. MASTERCARD INTERNATIONAL, INC., Defendant, Appellee.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. W. Arthur Garrity, Senior U.S. District Judge] __________________________ [Hon. Patti B. Saris, U.S. District Judge]  ___________________  ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________  ____________________ Andrew Schultz, with whom Michael S. Field, Dimitrios Ioannidis, ______________ ________________ ___________________ Beth Pirro Cook and Field & Schultz were on brief for appellant. _______________ _______________ Andrew W. Goldwater, with whom Friedman & Kaplan LLP was on brief ___________________ _____________________ for appellee.  ____________________  ____________________ Per Curiam. Appellant Bostec Systems, Inc. challenges Per Curiam. __________ a summary judgment dismissing its breach of contract and promissory estoppel claims against Mastercard International, Inc. Bostec argues that a trialworthy factual dispute remains as to whether Mastercard promised to require its members to purchase a machine capable of affixing tamper-evident, paper signature _____ panels to credit cards were Bostec to design and develop such a machine. Following plenary review, Laura Thorn, Ltd. v. __________________ Alletzhauser, 71 F.3d 991, 993 n.4 (1st Cir. 1995), after careful ____________ consideration of Massachusetts law and the entire record as illuminated by the briefs and oral argument, we are persuaded that the district court correctly concluded, as a matter of law, that though Mastercard encouraged Bostec's developmental efforts, it made no express or implicit promise that could support either a contract claim or a promissory estoppel claim.1 Viewed in the light most favorable to Bostec, the evidence reveals that Mastercard broached its idea for the development of a signature panel machine to Bostec in March 1987, and monitored Bostec's progress before finally approving a Bostec paper signature panel prototype in December 1991. Bostec  ____________________ 1See Rhode Island Hosp. Trust Nat'l Bank v. Varadian, 647 ___ _____________________________________ ________ N.E.2d 1174, 1179 (Mass. 1995) ("[A]n action based on reliance [e.g., promissory estoppel] is equivalent to a contract action, and the party bringing such an action must prove all the necessary elements of a contract other than consideration."); Simons v. American Dry Ginger Ale Co., 140 N.E.2d 649, 652 (Mass. ______ ___________________________ 1957) ("All the essential terms of a contract must be sufficiently definite so that the nature and extent of the obligations of the parties can be ascertained." (citation omitted)). 2 concedes, however, that no enforceable promise was made prior to Mastercard's March 1990 letter, which confirmed its commitment to require Mastercard members to use a "new secure signature panel." Instead, Bostec contends that it is the entire course of dealings between the parties that evinces a promise to require Mastercard members to use only the paper signature panel machine developed _____ by Bostec at Mastercard's suggestion.  Neither the course of dealings between the parties nor the March 1990 letter generated a trialworthy claim that Mastercard made a "sufficiently definite" promise to require its members to use, or acquire, only a tamper-evident, paper _____ signature panel on its credit cards. See Simons v. American Dry ___ ______ _____________ Ginger Ale Co., 140 N.E.2d 649, 652 (Mass. 1957); supra note 1. _______________ _____ In November 1988, Mastercard sent Bostec (and others) specifications, explicitly permitting signature panels to be made from paper, mylar, film, or other comparable material. Mastercard informed Bostec in May 1989 that it would not grant a monopoly to any one equipment supplier. Finally, the March 1990 letter confirming Mastercard's commitment to a "new secure signature panel" cannot support a reasonable inference that Mastercard promised to require its secure signature panels to be made from paper to the exclusion of all other materials, or to require its members to purchase Bostec's paper signature panel _____ machine. Absent evidence of a sufficiently definite promise, the Bostec claims fail as a matter of law. See supra note 1. ___ _____ Affirmed.  Affirmed.  ________ 3